IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

MARK GREENE,

     Plaintiff,

v.

VISIONQUEST NATIONAL, LTD.,

     Defendant.

CIVIL DIVISION

NO.: 2013-01440

TYPE OF PLEADING:

**COMPLAINT IN CIVIL ACTION**

FILED ON BEHALF OF PLAINTIFF

COUNSEL OF RECORD FOR THIS PARTY:

ROLF LOUIS PATBERG, ESQUIRE
PA I.D. NO.: 65185

PATBERG, CARMODY & GING
DEUTSCHTOWN CENTER
801 VINIAL STREET – THIRD FLOOR
PITTSBURGH, PA 15212
(412) 232-3500

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| MARK GREENE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | NO.: 2013-01440 |
| | ) | |
| v. | ) | |
| | ) | |
| VISIONQUEST NATIONAL, LTD., | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### NOTICE TO PLEAD

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

NORTHWESTERN LEGAL SERVICES
1001 State Street
1200 Renaissance Centre
Erie, PA 16501
(814) 452-6949
(800) 665-6957

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| MARK GREENE, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | NO.: 2013-01440 |
| | ) | |
| v. | ) | |
| | ) | |
| VISIONQUEST NATIONAL, LTD., | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Mark Greene, by and through his attorneys, Rolf Louis Patberg, Esquire and the law firm of Patberg, Carmody & Ging, and files the herein Complaint in Civil Action, and in support avers as follows:

1.      Plaintiff Mark Greene (hereinafter "Greene") is an adult individual residing at 1427 Republic Avenue, Youngstown, Mahoning County, Ohio 44505.

2.      Defendant VisionQuest National, Ltd., a/k/a VisionQuest (hereinafter "VisionQuest") is a corporation trading and doing business at 352 Marshalltown-Thorndal Road, Downingtown, Chester County, Pennsylvania 19335.  VisionQuest operates a juvenile detention facility in Venango County, Pennsylvania, including the place of the employment of Greene.

## I.   STATEMENT OF JURISDICTION AND VENUE

3.      Jurisdiction in the Court of Common Pleas of Venango County is proper pursuant to 43 P.S. §962 and 43 P.S. §1421, et seq.

4.      Venue is proper as the principle events and occurrences as described in the herein Complaint occurred in Venango County, Pennsylvania.

5.      Plaintiff Mark Greene has met the administrative exhaustion requirements for the Age Discrimination in Employment Act (ADEA) and the Pennsylvania Human Relations

Commission (PHRC) as he has timely filed administrative charges with the Pennsylvania Human Relations Commission at PHRC Case No. 533-2014-00008 and a right to sue letter was issued by the EEOC as part of a dual filing on May 31, 2015.

## II. FACTUAL AVERMENTS

6.     Greene was born on August 21, 1968 and is currently forty-six (46) years old.

7.     Greene is an African American male.

8.     Greene was hired by VisionQuest in March of 2006 as a Child Care Worker.  He was promoted to various positions over the years, with his last position being that of Program Facilitator of VisionQuest's Street Smarts Program beginning in August of 2012.

9.     Throughout his employment at VisionQuest, Greene never received a negative performance review and maintained an impeccable record of job performance.

10.     VisionQuest is nearly one hundred percent (100%) funded through government agencies including the Pennsylvania Department of Public Welfare.

11.     In approximately February of 2013, VisionQuest asked Greene and other workers, including Helen Tatlinger, to take unpaid furlough days from work.

12.     Upon information and belief, Plaintiff's salary was paid by grant proceeds through the Department of Public Welfare ("DPW"), Greene called DPW on two (2) separate occasions during February of 2013 to advise that he had been requested to take unpaid furlough days and was told by a DPW representative that his salary was reimbursed by DPW after VisionQuest submitted a salary invoice.  VisionQuest could not invoice DPW for unpaid days off by its employees.

13.     In approximately May of 2013, Greene reported to VisionQuest's State Program Director, Jerry Fox, regarding his concern over the request for furlough days and was told that

4

the matter would be looked in to.  However, days later, the educational director of VisionQuest, Christine Raymond, told Greene and Ms. Tatlinger, in response to Greene's inquiry regarding the furlough days, "Keep your mouths shut" and "We all have to take furlough days so just do as you're told."

14.     Greene continued to complain to supervisors, specifically Jerry Fox, with regard to the requirement that he take furlough days.

15.     On or about June 13, 2013, a meeting was held by VisionQuest's East Coast CEO, Lewis Costas, which was a roundtable discussion with Costas and other childcare staff and the supervisory staff, in which Greene participated.  Costas raised the issue at the meeting that DPW had been called and each participant in the meeting was given an opportunity to speak, to introduce themselves and their position.  At the meeting, Greene complained that understaffing was a problem at VisionQuest and that VisionQuest was more concerned about money than safety issues.  Greene stated in the meeting that understaffing was a problem at VisionQuest.

16.     After the meeting, Greene was confronted by Costas to explain his statements regarding his concerns about staffing and safety.  Greene stated that when he first began his employment at VisionQuest, staffing was not an issue, but VisionQuest had become understaffed and there was less focus on camp safety.

17.     Pursuant to Pennsylvania law as enforced by the Department of Public Welfare, VisionQuest is required to maintain a specific ratio of the number of juveniles per staff member.

18.     On or about June 14, 2013, Mr. Greene was called into the office of Richard Gordan VisionQuest's Chief Administrator.

19.     On or about June 14, 2013, Mr. Greene was informed during the meeting that his employment was being suspended without pay pending the outcome of an investigation. Richard

Gordon and Paula Harper were present at the meeting.  Jim Yester participated in the meeting via telephone.

20.     On or about June 14, 2013, VisionQuest employees, servants, and agents accused Mr. Greene of taking nude photographs of coworker Megan Kennedy with his smartphone during a non-work related trip to an amusement park.

21.     On or about June 14, 2013, VisionQuest employees, servants, and agents examined the photographs contained on Mr. Greene's smartphone with the consent of Mr. Greene.  No nude photographs were found.

22.     On or about June 20, 2013, Mr. Greene was contacted via telephone by VisionQuest's Corporate Human Resource Representative Jim Yester and VisionQuest Human Resource Representative Denis Robinson.

23.     On or about June 20, 2013, Mr. Greene was terminated by Jim Yester and Denis Robinson for allegedly displaying nude photographs of Megan Kennedy to youth residents of the facility.

24.     Megan Kennedy is directly supervised by Paula Harper and Phyllis Yester.  Prior to June 20, 2013, Ms. Kennedy informed Ms. Harper the allegations against Mr. Greene were false.

25.     Megan Kennedy never spoke with Jim Yesper regarding the alleged nude photographs.

26.     Mr. Greene has never taken nude photographs of Ms. Kennedy and has never displayed any nude photograph to the youth residents.

27.     VisionQuest's allegations regarding nude photographs are pure pretext for their discriminatory conduct against Mr. Greene based on age, race, and gender and in retaliation for

his complaints to VisionQuest supervisors regarding required unpaid furlough days and understaffing and for reporting to DPW that he was being required to take unpaid furlough days.

## COUNT I:  AGE DISCRIMINATION

*Pennsylvania Human Relations Act*

*Harassment/Adverse Employment Action/Retaliation*

28.    Plaintiff incorporates paragraphs 1 through 27 of the herein Complaint as if the same were set forth at length.

29.    Mark Greene's protected class is Age, as defined under the Pennsylvania Human Relations Act, 43 P.S. §§951-963.

30.    On May 31, 2015, the EEOC issued a right to sue letter in response to Plaintiff's dual filings of administrative charges with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC").

31.    Throughout his employment and until the date of his termination on June 20, 2013, Mark Greene was subjected to adverse employment actions by his employer, including adverse performance reviews, harassment, adverse employment conditions and, eventually, termination on June 20, 2013.

32.    Prior to June 20, 2013, VisionQuest Child Care Worker Kayla Shoemaker committed a terminable offence similar to those Mr. Greene is accused of committing.

33.    Ms. Shoemaker was not terminated from her employment and was approximately 22 years of age when the offence was committed.

34.    Prior to June 20, 2013, VisionQuest Child Care Worker Dean (first name unknown), committed a terminable offence similar to those Mr. Greene is accused of committing.

35.    Ms. Dean was not terminated from her employment and was approximately 22 to 28 years of age when the offence was committed.

36.    Prior to June 20, 2013, VisionQuest Therapist Kayla (last name unknown), committed a terminable offence similar to those Mr. Greene is accused of committing.

37.    Kayla (last name unknown), was not terminated from her employment and was approximately 25 years of age when the offence was committed.

38.    Prior to June 20, 2013, VisionQuest Case Manager Leanne James committed a terminable offence.

39.    Ms. James was not terminated from her employment and was approximately 25 years of age when the offence was committed.

40.    Defendant's termination of Plaintiff Greene's employment was motivated by Defendant's discriminatory animus against Greene based upon his age and was not the result of any legitimate business reason.  Defendant's discriminatory animus against Plaintiff based upon his age is evident by the fact that one day after a meeting was held on June 13, 2013 during which Greene complained of understaffing issues and safety issues, his employment was suspended under the pretext of an investigation for taking nude photographs of a co-worker, which were later proven to be untrue.  Despite the falsity of the accusations against Greene, Greene's employment was terminated one week later on June 20, 2013 whereas other, younger employees committed terminable offenses and were not terminated from their employment.

41.    Based upon the foregoing, the Plaintiff alleges that Defendant violated 43 P.S. § 955 of the Pennsylvania Human Relations Act, 43 P.S. §§951-963.

42.    The Plaintiff prays that the Defendant be required to provide all appropriate remedies under the Pennsylvania Human Relations Act, including reinstatement, back pay, front

pay, reinstatement of fringe benefits, security rights, attorneys' fees and all compensable damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

## COUNT II:  RACE DISCRIMINATION

*Pennsylvania Human Relations Act*

*Harassment/Adverse Employment Action/Retaliation*

43.    Plaintiff incorporates paragraphs 1 through 42 of the herein Complaint as if the same were set forth at length.

44.    Mark Greene's protected class is Race, as defined under the Pennsylvania Human Relations Act.

45.    Throughout his employment and until the date of his termination on June 20, 2013, Mark Greene was subjected to adverse employment actions by his employer, including adverse performance reviews, harassment, adverse employment conditions and, eventually, termination on June 20, 2013.

46.    Prior to June 20, 2013, VisionQuest Child Care Worker Kayla Shoemaker committed a terminable offence similar to those Mr. Greene is accused of committing.

47.    Ms. Shoemaker was not terminated from her employment and is Caucasian.

48.    Prior to June 20, 2013, VisionQuest Child Care Worker Dean (first name unknown) committed a terminable offence similar to those Mr. Greene is accused of committing.

49.    Ms. Dean was not terminated from her employment and is Caucasian.

50.    Prior to June 20, 2013, VisionQuest Therapist Kayla (last name unknown) committed a terminable offence similar to those Mr. Greene is accused of committing.

51.    Kayla (last name unknown) was not terminated from her employment and is Caucasian.

52.    Prior to June 20, 2013, VisionQuest Case Manager Leanne James committed a terminable offence.

53.    Ms. James was not terminated from her employment and is Caucasian.

54.    Prior to June 20, 2013, an African American VisionQuest employee committed the same terminable offence committed by Leanne James as mentioned in paragraph 52 *supra*.

55.    The African American employee was terminated from employment.

56.    Defendant's termination of Plaintiff Greene's employment was motivated by Defendant's discriminatory animus against Greene based upon his race and was not the result of any legitimate business reason. Defendant's discriminatory animus against Plaintiff based upon his race is evident by the fact that one day after a meeting was held on June 13, 2013 during which Greene complained of understaffing issues and safety issues, his employment was suspended under the pretext of an investigation for taking nude photographs of a co-worker, which were later proven to be untrue. Despite the falsity of the accusations against Greene, Greene's employment was terminated one week later on June 20, 2013 whereas other, Caucasian employees committed terminable offenses and were not terminated from their employment.

57.    Based upon the foregoing, the Plaintiff alleges that Defendant violated 43 P.S. § 955 of the Pennsylvania Human Relations Act, 43 P.S. §§951-963.

58.    The Plaintiff prays that the Defendant be required to provide all appropriate remedies under the Pennsylvania Human Relations Act, including reinstatement, back pay, front pay, fringe benefits, security rights, attorneys' fees and all compensable damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

## COUNT III:  GENDER DISCRIMINATION

### *Pennsylvania Human Relations Act*

### *Harassment/Adverse Employment Action/Retaliation*

59.     Plaintiff incorporates paragraphs 1 through 58 of the herein Complaint as if the same were set forth at length.

60.     Mark Greene's protected class is Gender, as defined under the Pennsylvania Human Relations Act.

61.     Throughout his employment and until the date of his termination on June 20, 2013, Mark Greene was subjected to adverse employment actions by his employer, including adverse performance reviews, harassment, adverse employment conditions and, eventually, termination on June 20, 2013.

62.     Prior to June 20, 2013, VisionQuest Child Care Worker Kayla Shoemaker committed a terminable offence similar to those Mr. Greene is accused of committing.

63.     Ms. Shoemaker was not terminated from her employment and is female.

64.     Prior to June 20, 2013, VisionQuest Child Care Worker Dean (first name unknown) committed a terminable offence similar to those Mr. Greene is accused of committing.

65.     Ms. Dean was not terminated from her employment and is female.

66.     Prior to June 20, 2013, VisionQuest Therapist Kayla (last name unknown) committed a terminable offence similar to those Mr. Greene is accused of committing.

67.     Kayla (last name unknown) was not terminated from her employment and is female.

68.     Prior to June 20, 2013, VisionQuest Case Manager Leanne James committed a terminable offence.

69.     Ms. James was not terminated from her employment and is female.

70.     Prior to June 20, 2013, a Male VisionQuest employee committed the same terminable offence committed by Leanne James as mentioned in paragraph 68 *supra*.

71.     The Male employee was terminated from employment.

72.     Defendant's termination of Plaintiff Greene's employment was motivated by Defendant's discriminatory animus against Greene based upon his gender and was not the result of any legitimate business reason.  Defendant's discriminatory animus against Plaintiff based upon his gender is evident by the fact that one day after a meeting was held on June 13, 2013 during which Greene complained of understaffing issues and safety issues, his employment was suspended under the pretext of an investigation for taking nude photographs of a co-worker, which were later proven to be untrue.  Despite the falsity of the accusations against Greene, Greene's employment was terminated one week later on June 20, 2013 whereas other, female employees committed terminable offenses and were not terminated from their employment.

73.     Based upon the foregoing, the Plaintiff alleges that Defendant violated 43 P.S. § 955 of the Pennsylvania Human Relations Act, 43 P.S. §§951-963.

74.     The Plaintiff prays that the Defendant be required to provide all appropriate remedies under the Pennsylvania Human Relations Act, including reinstatement, back pay, front pay, attorneys' fees and all compensable damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

## COUNT IV: VIOLATION OF THE WHISTLEBLOWER LAW

75.   Plaintiff incorporates paragraphs 1 through 74 of the herein Complaint as if the same were set forth at length.

76.   Plaintiff Mark Greene is an "employee" as defined by 43 P.S. §1422, known as the Pennsylvania Whistleblower Law.

77.   The Defendant is an "employer" as defined by 43 P.S. §1422.

78.   Plaintiff Mark Greene made a "good faith report" without malice or consideration of personal benefit for which he had reasonable cause to believe was true.

79.   Defendant is a "public body" as it is funded by and through the Commonwealth of Pennsylvania and/or a political subdivision thereof.

80.   As discussed herein, Defendant engaged in "waste" as its conduct or omissions regarding staffing resulted in substantial abuse, misuse, destruction or loss of funds and/or resources belonging to or derived from the Commonwealth of Pennsylvania or a political subdivision thereof.

81.   As discussed herein, the Defendant engaged in "waste" and "wrongdoing" as its conduct in requiring Plaintiff and other employees to take unpaid furlough days off and upon information and belief, received salary reimbursement for the unpaid days off from the Commonwealth resulted, in substantial abuse, misuse, destruction, or loss or funds and/or resources belonging to or derived from the Commonwealth of Pennsylvania or a political subdivision thereof.

82.   Defendant participated in "wrongdoing", as defined by 43 P.S. §1422, as it conducted itself in violation of the Commonwealth of Pennsylvania state regulation, specifically 55 Pa. Code §3800.274, regarding the ratio between Child Care Workers and facilities of six (6)

13

to one (1) basis.  Pursuant to §3800.274(5), Defendant was required to have one (1) Child Care Worker present with the children for every six (6) children during waking hours.  Pursuant to §3800.274(6), there is to be one (1) Child Care Worker present with the children for every twelve (12) children during sleeping hours.  Defendant VisionQuest continuously violated §3800.274 and Plaintiff complained of the same on multiple occasions.

83.    Plaintiff Mark Greene is a "whistleblower", as contemplated by 42 P.S. §1422, as he is a person who witnessed or has evidence of wrongdoing or waste while employed by the Defendant and made a good faith report of the wrongdoing and/or waste to his superiors and/or agents of Defendant and/or Department of Public Welfare.

84.    As such, based upon the above, Plaintiff Mark Greene is entitled to protection under the Pennsylvania Whistleblower Law.  As recited above, Defendant VisionQuest violated the Whistleblower Law in discharging Mark Greene after Greene made good faith reports to his employer and/or to the Department of Public Welfare regarding the above referenced instances of wrongdoing and waste.

85.    As a direct and proximate result of Defendant's violation of the Pennsylvania Whistleblower Law, Plaintiff seeks the following damages:

     a.     Compensatory damages;

     b.     The loss of past wages; and

     c.     The loss of future earnings.

86.    In addition, pursuant to 43 P.S. §1425, Plaintiff seeks the following relief:

     a.     Reinstatement of employment;

     b.     Back payment of wages;

     c.     Full reinstatement of fringe benefits and security rights; and

d.    Actual damages.

87.    Pursuant to 43 P.S. §1425, Plaintiff Mark Greene requests payment of reasonable attorneys' fees, witness fees and cost of litigation.

88.    Defendant employer violated 43 P.S. §1428 in that it failed to post notices and/or use other appropriate means to notify employees and keep them informed of protections and allegations under the Whistleblower Law.

89.    As the Defendant's conduct was willful, wanton and outrageous, Plaintiff respectfully requests that punitive damages be awarded.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

## COUNT V:  AGE DISCRIMINATION

### *Violation of the Age Discrimination in Employment Act*

90.    Plaintiff incorporates paragraphs 1 through 89 of the herein Complaint as if the same were set forth at length.

91.    Greene was born on August 21, 1968 and is currently 46 years old.

92.    Defendant VisionQuest is an industry affecting commerce within the meaning of 29 U.S.C. §630(b), as it operates juvenile detention facilities throughout the United States, including within the Western District of Pennsylvania and Venango County.

93.    At all times relevant, Plaintiff Mark Greene was an employee of Defendant VisionQuest and was 44 years old at the time of his termination on June 20, 2013.

94.    At all times relevant to the within Complaint, Plaintiff Greene was within a protected age class as established by the Age Discrimination in Employment Act of 1967.

95.   Throughout his employment and until the date of his termination on June 20, 2013, Mark Greene was subjected to adverse employment actions by his employer, including adverse performance reviews, harassment, adverse employment conditions and, eventually, termination on June 20, 2013.

96.   Prior to June 20, 2013, VisionQuest Child Care Worker Kayla Shoemaker committed a terminable offence similar to those Mr. Greene is accused of committing.

97.   Ms. Shoemaker was not terminated from her employment and was approximately 22 years of age when the offence was committed.

98.   Prior to June 20, 2013, VisionQuest Child Care Worker Dean, first name unknown, committed a terminable offence similar to those Mr. Greene is accused of committing.

99.   Ms. Dean was not terminated from her employment and was approximately 22 to 28 years of age when the offence was committed.

100.   Prior to June 20, 2013, VisionQuest Therapist Kayla, last name unknown, committed a terminable offence similar to those Mr. Greene is accused of committing.

101.   Kayla, last name unknown, was not terminated from her employment and was approximately 25 years of age when the offence was committed.

102.   Prior to June 20, 2013, VisionQuest Case Manager Leanne James committed a terminable offence.

103.   Ms. James was not terminated from her employment and was approximately 25 years of age when the offence was committed.

104.   At the time of Plaintiff Greene's termination, Defendant VisionQuest retained younger workers who had less experience, less seniority and who were less qualified than the Plaintiff.

105.   Greene enjoyed a good performance record and was well qualified and competent to perform his employment duties.

106.   Despite Greene's good work record, good work performance and years of service as a loyal employee, Plaintiff Greene was terminated from his employment by Defendant VisionQuest without any legitimate business reason.  Greene's age was a substantial factor in the decision to terminate Greene.

107.   Defendant VisionQuest refuses to and continues to refuse to rehire Plaintiff Greene.

108.   Plaintiff Greene's termination was a direct result of Defendant's preplanned and intentional termination of older employees, in violation of the ADEA.

109.   Greene's age was a substantial factor in his termination as prohibited by the ADEA.  Defendant's discriminatory animus against Plaintiff based upon his age is evident by the fact that one day after a meeting was held on June 13, 2013 during which Greene complained of understaffing issues and safety issues, his employment was suspended under the pretext of an investigation for taking nude photographs of a co-worker, which were later proven to be untrue. Despite the falsity of the accusations against Greene, Greene's employment was terminated one week later on June 20, 2013 whereas other, younger employees committed terminable offenses and were not terminated from their employment.

110.   As a direct, proximate and legal result of the aforementioned violation of the Age Discrimination in Employment Act, Plaintiff Mark Greene requests the following damages:

      a.   All relief permitted under the ADEA;

      b.   Back pay;

      c.   Front pay;

d.      Retirement and health benefits;

e.      Reinstatement;

f.      Liquidated damages;

g.      A make whole older;

h.      Attorneys' fees and court costs;

i.      Interest; and

j.      Such other legal relief as may be necessary to effectuate the purposes of the ADEA.

111.    Plaintiff Mark Greene specifically requests liquidated damages as an additional amount equally in the amount of back pay liability, as said termination was willful, as Defendant VisionQuest, by and through its employees, knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the ADEA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

## COUNT VI:  RACE DISCRIMINATION

### *Title VII of the Civil Rights Act of 1964*

112.    Plaintiff incorporates paragraphs 1 through 111 of the herein Complaint as if the same were set forth at length.

113.    The Defendant VisionQuest is an industry affecting commerce within the meaning of 42 U.S.C. §2000e(d), as it operates juvenile detention facilities throughout the United States including within the Western District of Pennsylvania and Venango County.

114.    At all times relevant, Plaintiff Greene was an employee of Defendant VisionQuest and was 44 years old at the time of his termination on June 20, 2013.

115.    At all times relevant, Plaintiff Greene's protected class is race as set forth by Title VII of the Civil Rights Act of 1964.

116.    Throughout his employment and until the date of his termination on June 20, 2013, Mark Greene was subjected to adverse employment actions by his employer, including adverse performance reviews, harassment, adverse employment conditions and, eventually, termination on June 20, 2013.

117.    Prior to June 20, 2013, VisionQuest Child Care Worker Kayla Shoemaker committed a terminable offence similar to those Mr. Greene is accused of committing.

118.    Ms. Shoemaker was not terminated from her employment and is Caucasian.

119.    Prior to June 20, 2013, VisionQuest Child Care Worker Dean, first name unknown, committed a terminable offence similar to those Mr. Greene is accused of committing.

120.    Ms. Dean was not terminated from her employment and is Caucasian.

121.    Prior to June 20, 2013, VisionQuest Therapist Kayla, last name unknown, committed a terminable offence similar to those Mr. Greene is accused of committing.

122.    Kayla, last name unknown, was not terminated from her employment and is Caucasian.

123.    Prior to June 20, 2013, VisionQuest Case Manager Leanne James committed a terminable offence.

124.    Ms. James was not terminated from her employment and is Caucasian.

125.    Prior to June 20, 2013, an African American VisionQuest employee committed the same terminable offence committed by Leanne James as mentioned in paragraph 123 *supra*.

126.    The African American employee was terminated from employment.

127.   Despite Plaintiff Greene's good work record and good work performance and years of service as a loyal employee, he was terminated from his employment by Defendant VisionQuest without any legitimate business reason.  Greene's race was a substantial factor in the decision to terminate Greene.

128.   At the time of Plaintiff Greene's termination, Defendant VisionQuest retained Caucasian workers as described above, who had committed terminable offenses similar to those that Greene was accused of committing and were not terminated.

129.   Defendant VisionQuest refuses to and continues to refuse to rehire Plaintiff Greene.

130.   Plaintiff Greene's termination was the direct result of Defendant's discriminatory animus toward Greene based upon race, in violation of Title VII of the Civil Rights Act of 1964. Defendant's discriminatory animus against Plaintiff based upon his race is evident by the fact that one day after a meeting was held on June 13, 2013 during which Greene complained of understaffing issues and safety issues, his employment was suspended under the pretext of an investigation for taking nude photographs of a co-worker, which were later proven to be untrue. Despite the falsity of the accusations against Greene, Greene's employment was terminated one week later on June 20, 2013 whereas other, Caucasian employees committed terminable offenses and were not terminated from their employment.

131.   As a direct, proximate and legal result of the aforementioned violation of Title VII of the Civil Rights Act of 1964, Plaintiff Mark Greene requests the following damages:

        a.      All relief permitted under Title VII of the Civil Rights Act of 1964;

        b.      Back pay;

        c.      Front pay;

    d.     Retirement and health benefits;

    e.     Reinstatement;

    f.     Liquidated damages;

    g.     A make whole older;

    h.     Attorneys' fees and court costs;

    i.     Interest; and

    j.     Such other legal relief as may be necessary to effectuate the purposes of Title VII of the Civil Rights Act of 1964.

132.    Plaintiff Mark Greene specifically requests liquidated damages as an additional amount equaling the amount of back pay liability, as said termination was willful, as Defendant VisionQuest, by and through his employees, knew or showed a reckless disregard for the matter of whether its conduct was prohibited by Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

## COUNT VII:  GENDER DISCRIMINATION

### *Title VII of the Civil Rights Act of 1964*

133.    Plaintiff incorporates paragraphs 1 through 132 of the herein Complaint as if the same were set forth at length.

134.    Mark Greene's protected class is gender, as defined under Title VII of the Civil Rights Act of 1964.

135.    Defendant VisionQuest is an industry affecting commerce within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as it operates juvenile detention facilities throughout the United States, including within the Western District of Pennsylvania and Venango County.

136.   Throughout his employment and until the date of his termination on June 20, 2013, Mark Greene was subjected to adverse employment actions by his employer, including adverse performance reviews, harassment, adverse employment conditions and, eventually, termination on June 20, 2013.

137.   Prior to June 20, 2013, VisionQuest Child Care Worker Kayla Shoemaker committed a terminable offence similar to those Mr. Greene is accused of committing.

138.   Ms. Shoemaker was not terminated from her employment and is female.

139.   Prior to June 20, 2013, VisionQuest Child Care Worker Dean, first name unknown, committed a terminable offence similar to those Mr. Greene is accused of committing.

140.   Ms. Dean was not terminated from her employment and is female.

141.   Prior to June 20, 2013, VisionQuest Therapist Kayla, last name unknown, committed a terminable offence similar to those Mr. Greene is accused of committing.

142.   Kayla, last name unknown, was not terminated from her employment and is female.

143.   Prior to June 20, 2013, VisionQuest Case Manager Leanne James committed a terminable offence.

144.   Ms. James was not terminated from her employment and is female.

145.   Prior to June 20, 2013, a Male VisionQuest employee committed the same terminable offence committed by Leanne James as mentioned in paragraph 142 *supra*.

146.   The Male employee was terminated from employment.

147.   Despite Plaintiff Greene's good work record, work performance and years of service as a loyal employee, his employment was terminated by Defendant VisionQuest without

any legitimate business reason.   Greene's gender was a substantial factor in the decision to terminate Greene.

148.   At the time of Plaintiff Greene's termination, Defendant VisionQuest retained female workers who were less qualified than Greene and gave preferential treatment to the female workers, particularly those recited above who had committed similar terminable offenses to those Mr. Greene was accused of committing and were not terminated from their employment.

149.   Defendant VisionQuest refuses to and continues to refuse to rehire Plaintiff Mark Greene.

150.   Plaintiff Greene's termination was the direct result of Defendant's discrimination against male employees, in violation of Title VII of the Civil Rights Act of 1964.

151.   Plaintiff Greene's gender was a substantial factor in his termination and is prohibited by Title VII of the Civil Rights Act of 1964.  Prior to his termination, Plaintiff Greene was accused of taking nude photographs of a female co-worker, which in fact did not occur, but nonetheless was terminated from his employment, whereas other female employees who had committed terminable offenses were not terminated from their employment with Defendant. Only Plaintiff Greene and one other male employee, prior to June 20, 2013, were accused of committing terminable offenses and were in fact terminated from their employment.  Thus, Defendant's termination of Plaintiff Greene was based upon his discriminatory animus due to Plaintiff's gender, in violation of Title VII of the Civil Rights Act of 1964.

152.   As a direct, proximate and legal result of the aforementioned violation of Title VII of the Civil Rights Act of 1964, Plaintiff Mark Greene requests the following damages:

        a.     All relief permitted under Title VII of the Civil Rights Act of 1964;

        b.     Back pay;

    c.      Front pay;

    d.      Retirement and health benefits;

    e.      Reinstatement;

    f.      Liquidated damages;

    g.      A make whole older;

    h.      Attorneys' fees and court costs;

    i.      Interest; and

    j.      Such other legal relief as may be necessary to effectuate the purposes of Title VII of the Civil Rights Act of 1964.

153.   Plaintiff Mark Greene specifically requests liquidated damages as an additional amount equally in the amount of back pay liability, as said termination was willful, as Defendant VisionQuest, by and through its employees, knew or showed a reckless disregard for the matter of whether its conduct was prohibited by Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant with prejudice.

RESPECTFULLY SUBMITTED:

PATBERG, CARMODY & GING

DATE: 8-21-15   By: _____

Rolf Louis Patberg, Esquire
PA I.D. No.: 65185

Attorney for Plaintiff.

**JURY TRIAL DEMANDED**

24

## VERIFICATION AFFIDAVIT

I verify that the statements made herein are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S., §4904, relating to unsworn falsifications to authorities.

_____

Mark Greene

## CERTIFICATE OF SERVICE

I, Rolf Louis Patberg, Esquire, hereby certify that a true and correct copy of the foregoing Complaint in Civil Action was forwarded this 21 day of August, 2015 via postage prepaid United States Mail to the following:

VisionQuest National, Ltd.
600 North Swan Road
P.O. Box 12906
Tucson, AZ 85732

Rolf Louis Patberg, Esquire

25